**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| VIGILOS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SLING MEDIA, INC.; ECHOSTAR TECHNOLOGIES, L.L.C.; ECHOSTAR CORPORATION; and MONSOON MULTIMEDIA, INC.,<br><br>Defendants. | **Case No. 2:11-CV-112**<br><br><br><br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS SLING MEDIA INC., ECHOSTAR TECHNOLOGIES, L.L.C., AND ECHOSTAR CORPORATION'S MOTION TO DISMISS CLAIMS OF INDUCEMENT AND CONTRIBUTORY INFRINGEMENT**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Sling Media, Inc., EchoStar Technologies, L.L.C., and EchoStar Corporation jointly move to dismiss Plaintiff Vigilos, LLC's claims of inducement of infringement and contributory infringement.

## I. INTRODUCTION

Plaintiff Vigilos, LLC accuses Defendants Sling Media, Inc., EchoStar Technologies, L.L.C., and EchoStar Corporation of direct infringement, inducement of infringement, and contributory infringement. However, Plaintiff's Complaint lacks even a formulaic recitation of facts that could constitute inducement of infringement or contributory infringement.

The Supreme Court and this Court have held that a cause of action should be dismissed when a complaint fails to state sufficient facts to spell out a claim for relief that is plausible on its face, as required by Rule 8(a) of the Federal Rule of Civil Procedure. Plaintiff's Complaint is insufficient to allege inducement or contributory infringement because it fails to set forth any facts that, if taken as true, could possibly give rise to these causes of action. Because Plaintiff's Complaint fails to state "a short and plain statement" sufficient to "sho[w] that the pleader is entitled to relief" on these claims, as required by Rule 8(a), Plaintiff's claims of inducement and contributory infringement against Sling and the EchoStar defendants should be dismissed.

## II. STATEMENT OF FACTS

Plaintiff's Complaint asserts that Sling has directly infringed, induced infringement, and contributed to infringement of U.S. Patent. No. 6,839,731 by:

> among other things, making, using, importing, offering for sale, and/or selling, without license or authority, products falling within the scope of one or more claims of the '731 patent, including without limitation Slingbox devices and related access software.

(Complaint ¶ 10.) The factual allegations underlying Plaintiff's infringement claims against the other two EchoStar defendants are identical, except that Plaintiff describes the accused product for the EchoStar defendants as "SlingLoaded set-top boxes" rather than "Slingbox devices." (*See id.*, ¶¶ 11-12.)

Plaintiff's Complaint *does not* allege that Sling or the EchoStar defendants had pre-lawsuit knowledge of the patent in suit, that Sling or the EchoStar defendants have sold a product especially made or adapted for use in infringement by a third party, that any third parties have actually committed acts of direct infringement, or that Sling or the EchoStar defendants had any intent to induce or contribute to infringement by third parties.

## III. ARGUMENT: PLAINTIFF'S CLAIMS OF INDUCEMENT AND CONTRIBUTORY INFRINGEMENT SHOULD BE DISMISSED

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when it fails to state enough facts to make out a claim upon which relief can be granted. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding that a complaint should be dismissed where the plaintiff failed to plead "enough facts to state a claim to relief that is plausible on its face"). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1950 (2009). A defendant need not demonstrate that there is "no set of facts" that Plaintiff could prove that would entitle it to relief in order to prevail on a motion to dismiss. *Twombly*, 550 U.S. at 561 (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

This Court "has high expectations of a plaintiff's preparedness before it brings suit." *Bedrock Computer Techs., LLC v. Softlayer Techs. Inc.*, No. 6:09-cv-269, 2010 U.S. Dist. LEXIS 62711, at *12 (E.D. Tex. Mar. 29, 2010) (citing *Am. Video Graphics, L.P. v. Elec. Arts, Inc.*, 359 F. Supp. 2d 558, 560 (E.D. Tex. 2005)). This Court's case law makes clear that *Twombly* and *Iqbal* require a plaintiff who alleges indirect infringement to plead facts that, if proven, would be sufficient to satisfy the elements of inducement or contributory infringement. *See, e.g.*, *Clear With Computers, LLC v. Bergdorf Goodman, Inc.*, No.6:09-cv-481, 2010 U.S. Dist. LEXIS 92079, at *12 (E.D. Tex. Mar. 29, 2010) (holding that a complaint does not state a claim for

indirect infringement that is plausible on its face when it "fail[s] to identify which claims are indirectly infringed, fail[s] to identify which methods or systems indirectly infringe, and fail[s] to identify a direct infringer in reference to its indirect infringement claims"). As set forth below, Plaintiff's Complaint does not set forth any factual allegations that could support claims of inducement or contributory infringement against Sling or the EchoStar defendants. Thus, these claims should be dismissed. *See Twombly*, 550 U.S. at 570; *Iqbal*, 129 S. Ct. at 1950.

### A. Plaintiff's Complaint Fails To State A Claim For Inducement Of Infringement

"Inducement requires a showing that the alleged inducer knew of the patent, knowingly induced the infringing acts, and possessed a specific intent to encourage another's infringement of the patent." *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009); *see also DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1304 (Fed. Cir. 2006) (en banc in relevant part). Proof of direct infringement by a third party is a prerequisite to an indirect inducement claim. *Alloc, Inc. v. Int'l Trade Comm'n*, 342 F.3d 1361, 1374 (Fed. Cir. 2003) (upholding administrative judge's finding that there could be no indirect infringement without evidence of direct infringement). "Intent can be shown by circumstantial evidence, but the mere knowledge of possible infringement will not suffice." *Vita-Mix Corp.*, 581 F.3d at 1328.

Plaintiff's Complaint fails to allege facts that, if proven, would satisfy any of the elements of inducement under 35 U.S.C. § 271(b). For example, the Complaint fails to allege that Sling or the EchoStar defendants knew of the '731 patent, that they intended to induce infringement by a third party, or that any third party has committed acts of direct infringement. *See, e.g.*, *PA Advisors, LLC v. Google, Inc.*, No. 2:07-cv-4802008, U.S. Dist. LEXIS 71285 (E.D. Tex. Aug. 7, 2008) (granting a motion for more definite statement where plaintiff failed to identify the users that directly infringe); *Halton v. Streivor*, No. C 10-00655 WHA, 2010 U.S.

Dist. LEXIS 50649, at *6-7 (N.D. Cal. May 21, 2010) (granting motion to dismiss claims of inducing infringement where complaint failed to identify a third party as the direct infringer and mentioned no facts related to a specific intent to encourage another's infringement). Put simply, Plaintiff has failed to give Sling and the EchoStar defendants notice of any factual allegations that could support a claim of inducement.

Plaintiff also cannot invoke Rule 9(b) to avoid alleging intent because the Supreme Court has made clear that Rule 9(b) does not alleviate the Rule 8 requirement that a Plaintiff plead facts supporting a plausible claim that these defendants intended to infringe. For example, in *Iqbal*, the Supreme Court rejected a Plaintiff's attempt to invoke Rule 9(b) as an excuse to avoid pleading facts sufficient to show intent:

> Rule 9 merely excuses a party from pleading discriminatory intent under an elevated pleading standard [of fraud]. It does not give him license to evade the less rigid—though still operative—strictures of Rule 8. . . . Rule 8 does not empower respondent to plead the bare elements of his cause of action, affix the label "general allegation," and expect his complaint to survive a motion to dismiss.

*Iqbal*, 129 S.Ct. at 1954 (citation omitted). For these reasons, Plaintiff's Complaint fails to state claims for inducement of infringement against Sling or the EchoStar defendants. Plaintiff's inducement claims should therefore be dismissed. *See Twombly*, 550 U.S. at 570; *Iqbal*, 129 S. Ct. at 1950.

### B. Plaintiff's Complaint Fails To State A Claim For Contributory Infringement

Plaintiff's claim of contributory infringement also fails to satisfy the *Twombly* / *Iqbal* standard. Contributory infringement is established only where the alleged infringer sells:

> a component of a patented [device] . . . constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

35 U.S.C. § 271(c). Contributory infringement claims require "a showing that the alleged contributory infringer knew that the combination for which his component was especially designed was both patented and infringing." *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488 (1964). Contributory infringement claims also require evidence that a third party has directly infringed. *See Serrano v. Telular Corp.*, 111 F.3d 1578, 1583 (Fed. Cir. 1997).

Plaintiff's Complaint fails to allege facts sufficient to meet the elements of contributory infringement. For example, Plaintiff has failed to allege that Sling or the EchoStar defendants had knowledge of the '731 patent, or sold any product that was especially adapted for use in an infringement of the '731 patent. *See, e.g.*, *Sharafabadi v. Univ. of Idaho*, No. C09-1043JLR, 2009 U.S. Dist. LEXIS 110904, at *14 (W.D. Wash. Nov. 27, 2009) (dismissing indirect infringement claim where the complaint alleged the sale and use of an allegedly-infringing seeds, but did not allege "any facts concerning either how [the defendant] induced or contributed to another party's direct infringement of the [patent in suit] or [the defendant's] knowledge" of the patent). Plaintiff has also failed to identify any direct infringer, or to even allege that direct infringement by a third party has taken place. *See, e.g.*, *Clear With Computers*, 2010 U.S. Dist. LEXIS 92079, at *12 (failure to identify which claims are indirectly infringed, which methods or systems indirectly infringe, and who is the direct infringer "fails to inform Defendants as to what they must defend"); *PA Advisors*, 2008 U.S. Dist. LEXIS 71285, at *23 (finding that an allegation that "users" have directly infringed was not sufficient to state a claim for contributory infringement). Because Plaintiff's Complaint is insufficient to give Sling or the EchoStar defendants notice of the facts sufficient to support Plaintiff's claims of contributory infringement, those claims should also be dismissed. *See Twombly*, 550 U.S. at 570; *Iqbal*, 129 S. Ct. at 1950.

**C. Plaintiff Cannot Rely On Form 18 To Salvage Its Factually Deficient Indirect Infringement Allegations**

This Court's case law also makes clear that Plaintiff cannot invoke Civil Form 18 in the appendix to the Federal Rules of Civil Procedure as an excuse to avoid setting forth facts sufficient to allege inducement or contributory infringement. For example, in *PA Advisors*, this Court held that a party could not invoke Form 18 to excuse its failure to plead the elements of indirect infringement claims. *PA Advisors*, 2008 U.S. Dist. LEXIS 71285, at *23; *see also Clear with Computers*, 2010 U.S. Dist. LEXIS 92079, at *11-12 (noting that "Form 18 does not expressly address indirect infringement claims" and holding that allegation following Form 18's outline failed to give the defendants sufficient notice of the indirect infringement claims).

## IV. CONCLUSION

Plaintiff's Complaint fails to set forth facts that, if accepted as true, would be sufficient to make out plausible claims that Sling or the EchoStar defendants have induced infringement or contributed to infringement of the patent in suit. Dismissal of Plaintiff's inducement and contributory infringement claims is therefore appropriate.

Dated: April 21, 2011

Respectfully submitted,

By: */s/ Scott C. Moore*

Rachel Krevans
rkrevans@mofo.com
Scott C. Moore
smoore@mofo.com
Dale K. Larson
dlarson@mofo.com
**MORRISON & FOERSTER LLP**
555 West Fifth Street
Los Angeles, California 90013-1024
(213) 892-5200 (telephone)
(213) 892-5454 (facsimile)

***Attorneys for Defendants Sling Media, Inc., EchoStar Corporation and EchoStar Technologies, L.L.C.***

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 21st day of April, 2011, all counsel who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3). Any other counsel of record will be served by a facsimile transmission and/or first class mail.

/s/ Scott C. Moore
Scott C. Moore